| | |
|---|---|
| **BRITTANY SANCHEZ** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-07367** |
| **SOCIAL SECURITY ADMINISTRATION** | **SECTION: "B"(4)** |

## ORDER & REASONS

Before the Court is petitioner Brittany Sanchez's memorandum in support of objections to/and the Magistrate Judge's Report and Recommendations. Rec. Docs. 17-1, 16. For the reasons discussed below,

**IT IS ORDERED** that instant objections are **OVERRULED** and the Magistrate Judge's Report and Recommendations are **ADOPTED** as the court's opinion.

**FACTS AND PROCEDURAL HISTORY**

This case arises from the denial of petitioner's application for Supplemental Security Income Benefits. At the time of her disability hearing, petitioner was twenty five (25) years old. Rec. Doc. 9-3. In the past, she was diagnosed with anxiety, depression, bipolar disorder, and thrombocytopenia.[1] *Id*. She claims that her disability began on February 24, 2015. *Id*. On April 7, 2015, petitioner filed an application for Supplemental Security

---

[1] Thrombocytopenia is a condition in which there is a low blood platelet count, which assists the body in preventing bleeding by forming blood clots. *See generally* www.mayoclinic.org.

Income Benefits, which was denied on August 31, 2015. Rec. Doc. 9-2. Subsequently, petitioner requested a hearing before the Administrative Law Judge ("ALJ"). *Id*. That hearing took place on March 22, 2017. *Id*.

The ALJ made several findings relative to petitioner's application, to wit:

> (1)Plaintiff had not been engaged in substantial gainful activity since February 24, 2015 and met the insured status requirements of the Social Security Act through April 7, 2015; (2) Plaintiff suffered from severe impairments of major depressive disorder and borderline intellectual function; and (3) Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the enumerated impairments in 20 C.F.R. part 404, Subpart P, Appendix 1.

*Id*. The ALJ also determined that petitioner "has the residual functional capacity to perform a full range of work at all exertional levels subject to the following non-exertional limitations. . . " *Id*. Specifically, the ALJ observed that petitioner is "limited to simple routine, repetitive concept tasks." *Id*. The ALJ described her limitations as "superficial interaction with supervisors, co-workers, and the public." *Id*. Moreover, the ALJ noted that petitioner has not performed relevant work within the last fifteen years. *Id*.

Furthermore, the ALJ described petitioner as a "younger individual with a limited education" who is capable of communicating in English. *Id*. Notably, the ALJ determined that

transferability of job skills was not material to the determination

of "disability" because the court applied the Medical Vocational

Rules. *Id.* Thus, the ALJ concluded that petitioner's age,

education, work experience, and residual functional capacity

render her able to perform jobs existing in the national economy.

*Id.* Accordingly, the ALJ concluded that she had not been "under

disability since April 7, 2015" when she filed for Social Security

Income Benefits. *Id.*

On August 3, 2018, petitioner filed a complaint in the United

States District Court for the Eastern District of Louisiana. Rec.

Doc. 1. As procedurally required, the Magistrate Judge issued a

Report and Recommendation based on a review of the administrative

record. Rec. Doc. 16. Ultimately, the Magistrate Judge affirmed

the ALJ's decision denying Supplemental Security Income Benefits

to petitioner. *Id.* On October 23, 2019, she timely filed her

objections to the Report and Recommendation. Rec Doc. 17.

**LEGAL STANDARD**

Under Local Rule 73.2, a case seeking judicial review of a

Social Security Administration's decision is to be referred to a

magistrate judge to provide a Report and Recommendation. "A

district judge may accept, reject, or modify the recommended

disposition of a magistrate judge on a dispositive matter." *Hohmann

v. Soc. Sec. Administration*, 2018 U.S. Dist. LEXIS 139426 *1, *8

(E.D. La. Aug. 16, 2018). The Report and Recommendation to which

a party properly raises its objections is reviewed *de novo*. However, a district court's review is limited to plain error when a party improperly objects to a Report and Recommendation.

When reviewing a disability claim, a district court is limited to determining whether: (1) there is substantial evidence in the record to support the final decision of the Commissioner, as trier of fact, and (2) the Commissioner applied the appropriate legal standards to evaluate the evidence. *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000) (citing *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999)); *see also Wanzer v. Colvin,* 670 Fed. Appx. 280, 282 (5th Cir. 2016)(unpublished)(concluding that ALJ applied correct legal standard and findings were supported by substantial evidence).

**A. Substantial Evidence in the Record**

A district court's review is predicated on the existence of substantial evidence in the record. *Id*. Substantial evidence is that evidence which a "reasonable mind might accept as adequate to support a conclusion." *Id*. (quoting *Villa v. Sullivan*, 895 F.2d 1019, 1021-22 (5th Cir. 1990)). If a district court finds that there is substantial evidence supporting the Commissioner's decision, then it must uphold the decision. *Id*. In order to assess the existence of substantial evidence, a district court considers four elements of proof: (1) objective medical facts, (2) diagnoses and opinions of treating and examining physicians, (3) claimant's

subjective evidence of pain and disability, and (4) claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995). Moreover, the ALJ can make any findings that are supported by substantial evidence in the record. *See e.g.*, *Hohmann*, 2018 U.S. Dist. LEXIS 139426 at *9.

### B. Legal Standard Applied by Commissioner

A district court also must assess the legal standard applied in the evaluation of the evidence by the Commissioner. *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). To be eligible to receive Social Security Income Benefits under the Social Security Act, a claimant must show that he is unable to engage in any *substantial gainful activity* by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Hohmann,* 2018 U.S. Dist. LEXIS 139426 at *9-10. (Emphasis added).

The Fifth Circuit analyzes whether an applicant is capable of engaging in any substantial gainful activity by assessing the following factors:

> (1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of the medical findings; (2) an individual who does not have a "severe impairment" will not be found to be disabled; (3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors; (4) if an individual is capable of performing the work he

has done in the past, a finding of "not disabled" must be made; and (5) if an individual's impairment precludes him from performing his past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). Although the ALJ has a duty to make a sufficient inquiry into the claim, *id.* at 1023, the claimant has the burden of proof under the first four parts of the analysis. *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989). Thereafter, the burden shifts to the Commissioner at step five to show that the claimant is capable of performing other gainful employment. *Id*.

**LAW AND ANALYSIS**

**A. ALJ's assessment of impairments**

The record contained substantial evidence supporting the ALJ's decision denying petitioner's disability benefits. The Social Security Administration's medical criteria for evaluating mental disorders provides in pertinent part:

a. This disorder is characterized by significantly sub-average general intellectual functioning, significant *deficits in current adaptive functioning*, and manifestation of the disorder before age 22. Signs may include, but are not limited to, poor conceptual, social, or practical skills evident in your adaptive functioning.

b. The disorder that we evaluate in this category may be described in the evidence as intellectual disability, intellectual developmental disorder, or historically used terms such as "mental retardation."

c. This category does not include the mental disorders that we evaluate under *66162 neurocognitive disorders (12.02), autism spectrum disorder (12.10), or neurodevelopmental disorders (12.11).

Revised Medical Criteria for Evaluating Mental Disorders, 81 FR 66138-01. (Emphasis added).

A claimant must demonstrate that an impairment meets all the specified medical criteria of the relevant listing, rather than merely some of the criteria. *Campo v. Berryhill*, CV 17-4880, 2017 WL 8785561, at *10 (E.D. La. Dec. 15, 2017), report and recommendation adopted, CV 17-4880, 2018 WL 1726270 (E.D. La. Apr. 10, 2018). "An impairment that manifests only some of the requisite criteria, no matter how severely, does not qualify." *Id*. Accordingly, when a claimant does not sufficiently demonstrate the specified medical criteria, the district court will find that substantial evidence supports the ALJ's finding that listing level impairments were not present. *Id*. Moreover, the ALJ must apply the listing in effect at the time of rendering its decision. *Id*. at *9 (applying listing 12.09 at time of ALJ's decision).

Although petitioner contends that she met the disability criteria pursuant to listing 12.05, the "Full Scale IQ score of 70" is insufficient without more to support a disability finding on the grounds of a mental disorder. The Magistrate Judge reviewed the ALJ's findings that petitioner, to wit: (1) had a IQ score of 70; (2) engaged in self-isolation from social activities; (3) could

identify prominent figures in the United States, presently and historically; (4) performed mental calculations of mathematics; and (5) possessed a range of intellect "only slightly below age expectations." Rec. doc. 16, p. 6-10.

Notwithstanding these observations, the Magistrate Judge determined that very little in the record suggests "any significant changes" in petitioner's overall condition and recognized that her mental status evaluations and diagnostic results were "largely normal," despite medication-induced concentration issues. *Id.* Further, the Magistrate Judge assessed whether petitioner had any deficits in current adaptive functioning. *Id.*, p. 9. Specifically, the Magistrate Judge noted that "[t]he term 'adaptive behavior' refers to the individual's progress in acquiring mental, academic, social, and personal skills as compared with other unimpaired individuals of his/her same age." *Id.* The Magistrate Judge noted that the Commissioner did not "reference any evidence of [petitioner's] adaptive behavior." *Id.*, p. 10.

Despite the absence of such evidence, the Magistrate Judge reasoned that the ALJ partially considered the opinion of Dr. Constantin who indicated that petitioner "had moderate activities of daily living, social functioning and ability to maintain concentration, persistence or pace" and could "understand, remember, carryout simple tasks with routine supervision." *Id.* at p. 8-9. Accordingly, the Magistrate Judge concluded that the record

was devoid of evidence that petitioner "was markedly limited in adaptive behavior." *Id*. at 9.

Thus, in the absence of any evidence supporting that petitioner met the criteria in listing 12.05, the Magistrate Judge appropriately determined that substantial evidence supported the ALJ's findings. *Id*. Similarly, the Magistrate Judge determined that the ALJ applied the appropriate medical listing when it rendered the decision denying petitioner's benefits. *Id*. at 8. For the foregoing reasons, the Magistrate Judge's appropriately affirmed the ALJ's denial of Social Security Income Benefits because the decision was supported by substantial evidence in the record demonstrating that petitioner did not meet the mental disorder listing criteria.

## B. ALJ's final decision on claim

Petitioner's claims are barred by the doctrine of *res judicata*. Federal courts do not have subject matter jurisdiction to review a decision by the Secretary not to reopen a case. *Robertson v. Bowen*, 803 F.2d 808, 810 (5th Cir. 1986); *see also Califano v. Sanders*, 430 U.S. 99, 108 (1977) (an interpretation that would allow a claimant judicial review simply by filing and being denied a petition to reopen his claim would frustrate congressional purpose). Federal courts have subject matter jurisdiction over a petition to reopen only if "a colorable constitutional claim is asserted." *Id*.

An administrative law judge may dismiss a request for a hearing when there has been a previous determination or decision about the claimant's "rights on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administrative or judicial action." 20 C.F.R. § 404.957(c)(1). Accordingly, the doctrine of *res judicata* applies and bars the claimant from filing a later application re-asserting the same claim. *See id*. The Commissioner's findings as to any fact supported by substantial evidence shall be conclusive. 42 U.S.C.A. § 405(g); *see also Yates v. Colvin*, 606 Fed. Appx. 225, 229 (5th Cir. 2015)(unpublished) (substantial evidence supported factual findings underlying decision to reopen and no evidence offered to reject ALJ's legal conclusions).

Further, the court may remand the case to the Commissioner for further action, including an order for the Commissioner to consider additional evidence. *Id*. However, new evidence must be material and demonstrate good cause for the failure to incorporate such evidence into the record in a prior proceeding. *Id*.; *see also Cieutat v. Bowen*, 824 F.2d 348, 354 (5th Cir. 1987) (good cause exists if "[n]ew and material evidence is furnished" and regulations permitted reopening only upon a finding of good cause).

Petitioner is not entitled to the relief sought because her contentions are barred by *res judicata*. The Commissioner, the ALJ, and the Magistrate Judge considered the "Full Scale IQ" report

when rendering its respective decisions denying petitioner's Social Security Income Benefits. *See supra* Section V.A. Moreover, the Magistrate Judge determined that the IQ test was part of the record originally and was considered previously by the ALJ. Rec. Doc. 16, p. 5-6. However, the Magistrate Judge noted that the ALJ considered the "Full Scale IQ" evidence to be material, but not new evidence because it was, in fact, part of the record. Rec. Doc. 16, p. 5-6. Accordingly, petitioner has not demonstrated that the "Full Scale IQ score of 70" constituted new and material evidence nor has she demonstrated good cause for reopening the case.

For the foregoing reasons, the claims are barred because petitioner has asserted "rights on the same facts and on the same issue or issues." Thus, instant claims befall the doctrine of *res judicata* and leaves the court without jurisdiction to review the decision to reopen or decline to reopen the case.

Moreover, there is substantial evidence in the administrative record and supporting law for the Commissioner's decision.

New Orleans, Louisiana this 3rd day of March, 2020.

_____

SENIOR UNITED STATES DISTRICT JUDGE